**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-KHV |
| EDUARDO PEREZ-ALCALA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ataven Tatum's Motion For A Pre-Trial James Hearing (Doc. #763), Defendant Vernon Brown's Motion For Disclosure Of Co-Conspirator Statements (Nature Of And Time And Place/James Hearing); Production In Advance Of Trial Of A Videocopy Of Government's Exhibit N-93 With Masked Or Dubbed Sound To Protect CI's Identity; And For A Thirty Day Continuance Of Trial Setting (Doc. #766), Defendant Carlos Gilchrist's Motion For A Pre-Trial James Hearing (Doc. #767) and Defendant Harris' Motion For Severance With Points And Authorities In Support (Doc. #771). For reasons stated below and substantially the reasons stated in the government's Consolidated Response To Defendants' Pretrial Motions (Doc. #869) and Government's Response To Defendant Harris' Motion For Severance (Doc. #866), the Court overrules defendants' motions.

**Analysis**

**I.     Motions For Hearing On Co-Conspirator Statements (Doc. #763, #766 and #767)**

Defendants ask the Court to hold a pretrial hearing pursuant to United States v. James, 590 F.2d 575, 579-80 (5th Cir. 1979), to determine the admissibility of co-conspirator statements. The Tenth Circuit recommends the use of a pretrial hearing to determine that a conspiracy existed before

statements of co-conspirators are admitted at trial pursuant to Fed. R. Evid. 801(d)(2)(E). The government argues, however, that the provisional admission of co-conspirators' statements in this case will be more expeditious than a pretrial hearing. See United States v. Pinto, 838 F.2d 426, 433 (10th Cir. 1988) (upholding conditional admission of statements, subject to government "connecting up" later).

> Under the Federal Rules of Evidence, a conspirator's statement is not hearsay if –
>
> The statement is offered against an opposing party and: (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).

Fed R. Evid. 801(d)(2). Thus, before admitting co-conspirator statements, the Court must determine by a preponderance of the evidence that (1) a conspiracy existed, (2) defendant and declarant were members of the conspiracy, and (3) declarant made the statements during the course of and in furtherance of the conspiracy. See United States v. Thornburgh, 645 F.3d 1197, 1210 (10th Cir. 2011). In making its preliminary factual determination as to whether a conspiracy exists, the Court may consider the proffered statement, along with independent evidence tending to establish the conspiracy. United States v. Lopez-Guttierrez, 83 F.3d 1235, 1242 (10th Cir. 1996) (court may consider co-conspirator statements in determining existence of conspiracy) (citing Bourjaily v. United States, 483 U.S. 171 (1987)). The government asserts that based on the extensive discovery already provided to defense counsel, it will be able to establish a conspiracy.

The Court finds that defendants' motions for a James hearing should be overruled. The Tenth Circuit has approved of forgoing a James hearing and allowing conditional admission of co-conspirator statements, subject to the government "connecting up" the statements at a later point in trial. See Pinto, 838 F.2d at 433. The government has provided substantial discovery in this case.

At this point it appears that a James hearing would essentially duplicate the voluminous evidence at trial. Accordingly, such a hearing would waste judicial resources – and those of counsel – with little resulting gain. Furthermore, defendants will suffer no discernable prejudice if the evidence is conditionally admitted at trial. The Court overrules defendants' request for a pretrial hearing on the admissibility of co-conspirator statements.

Defendants also ask for immediate disclosure of all co-conspirator statements. The government states that ten days before trial, it intends to provide interview reports of cooperating witnesses and defendants. The government notes that trial is expected to take three to four months and that it does not expect to present any cooperator testimony in the early stages of its case. The government's proposed disclosure schedule appears to be a reasonable balance between the safety concerns of cooperating witnesses and the need for defendants to prepare their defense. Accordingly, the Court overrules defendant's request for immediate disclosure of co-conspirator statements.

Brown makes a vague request for "specificity other than the general allegations" contained in the government's factual basis which it has attached to the plea agreements of many of the co-defendants in this case. Defendant Vernon Brown's Motion For Disclosure (Doc. #766-1) at 3-4. Defendant seeks the nature of, and time and place, of his alleged acts in the conspiracy to distribute powder or crack cocaine. Defendant essentially seeks a bill of particulars. For substantially the reasons set forth in the government's Consolidated Response To Defendants' Pretrial Motions (Doc. #869), the Court finds that defendant is not entitled to a bill of particulars. See United States v. Avant, No. 11-10256-MLB, 2012 WL 3234487, at *2-3 (D. Kan. Aug. 6, 2012) (defendant not entitled to precise dates when he joined conspiracies and to know entirety of government case and

how case will be presented); United States v. Biglow, No. 07-10221-MLB, 2011 WL 6026142, at *1-2 (D. Kan. Dec. 5, 2011) (defendant not entitled to location of conspiracy, manner in which designed, persons present when formed, terms of agreement, particulars and locations as to all meetings, and date when defendant joined conspiracy); United States v. Molina, No. 09-40041-RDR, 2010 WL 2346393, at *5 (D. Kan. June 9, 2010) (defendant not entitled to require government to provide bill of particulars which sets forth "whens, wheres and with whoms of acts and participation in the charged conspiracy") (quoting United States v. Riggins, No. 07–40055–04, 2008 WL 558087, at *2 (D.S.D. Feb. 29, 2008)).

The information requested by defendant is in the nature of a discovery request, not an attempt to avoid unfair prejudice. In light of the government's claim as to the information which it has disclosed to defendant, the Court does not believe that a bill of particulars is necessary. Defendant has not shown that a bill of particulars is necessary to provide an adequate defense, or to avoid prejudicial surprise or double jeopardy problems.[1]

## II.   Motion To Sever (Doc. #771)

Thomas Harris seeks to sever his trial from the trial of the remaining co-defendants.[2]

---

[1] Brown also seeks the government's video exhibit N-93 in redacted/distorted format to protect the identity of the confidential informant. The government states that it cannot distort the tape in the manner suggested by defendant. Defendant apparently asserts that the video is exculpatory evidence that he was not part of a conspiracy to distribute large amounts of cocaine, but instead he was only a purchaser of a "small-user ($15-$20) quantity of powder cocaine." Id. at 2. The government has made the tape available to defense counsel for review and produced still photographs depicting Brown during the transaction. Defendant has not explained why he needs a copy of the video to adequately prepare a defense. Accordingly, the Court overrules defendant's request for a copy of government video exhibit N-93.

[2] Harris seeks leave to join all other pretrial motions, but he has not explained how the other pretrial motions apply to him or how he has standing to join in those motions. Accordingly,
(continued...)

Count 1 charges that from January of 2009 to May 31, 2012, Harris and 49 other individuals conspired to commit controlled substance violations. Count 60 charges that Harris, Jorge Cisneros-Saucedo, Francisco Javier Lozoya-Renteria and Nolberto Garcia knowingly possessed with intent to distribute and distributed five kilograms or more of cocaine.[3]

The federal system maintains "a preference . . . for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials promote judicial economy and "serve the interest of justice by avoiding the scandal and inequity of inconsistent trials." Richardson v. Marsh, 481 U.S. 200, 209 (1987). Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131, n. 6 (1968).

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count. Defendants charged jointly under Rule 8 are not entitled to separate trials as a matter of right. To determine whether joinder is appropriate under Rule 8, the Court must consider the facts and circumstances of each case. See United States v. Bailey, 952 F.2d 363, 364-65 (10th Cir. 1991).

---

[2](...continued)
the Court overrules defendant's request.

[3] Cisneros-Saucedo and Lozoya-Renteria pled guilty to Count 60. Nolberto Garcia likely will not be available for trial on August 6, 2013. Accordingly, Harris likely will be the only defendant to go to trial on Count 60.

Furthermore, the general rule in the Tenth Circuit is that persons jointly indicted should be jointly tried. United States v. Rinke, 778 F.2d 581, 590 (10th Cir. 1995); see United States v. Jones, 578 F.2d 1332, 1339 (10th Cir. 1978) (fact that charge is conspiracy and that evidence showed necessary interrelationships justifies joinder).

Absent a clear showing of prejudice, defendants charged with participation in a single conspiracy should be tried together, especially where proof of the charges against the defendants is based upon the same evidence and the same acts. United States v. Milham, 590 F.2d 717, 722 (8th Cir. 1979). "Mutual participation of defendants in an offense or series of offenses is considered a logical, basic ground for refusing to grant a motion to sever." United States v. Petersen, 611 F.2d 1313, 1332 (10th Cir. 1980) (citations omitted).

Under proper circumstances, the Court may grant severance even if joinder under Rule 8 is appropriate. United States v. Hollis, 971 F.2d 1441, 1456 (10th Cir. 1993). The Federal Rules of Criminal Procedure allow for severance of counts or defendants if the joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government. The Court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). The Court must weigh the prejudice to a particular defendant caused by the joinder against the important considerations of economy and expedition in judicial interests. United States v. Mabry, 809 F.2d 671, 681 (10th Cir. 1987), overruled on other grounds, Mathews v. United States, 485 U.S. 58 (1988).

Severance is a matter of discretion, not of right, and the defendant bears a heavy burden of demonstrating prejudice to his case. Hollis, 971 F.2d at 1456. Trial courts have a continuing duty at all stages of the trial to grant a severance if prejudice does appear. United States v. Peveto, 881

F.2d 844, 857 (10th Cir. 1989).

Evidence against one defendant that is more incriminating than another is not, standing alone, a basis for severance. United States v. Dill, 693 F.2d 1012 (10th Cir. 1982); see also United States v. Cox, 934 F.2d 1114, 1120 (10th Cir. 1991) (fact that government's evidence was stronger on some counts than on others does not mandate severance under Rule 14).  Severance is not required because a defendant might have a better chance of acquittal if the trials were severed. Peveto, 881 F.2d at 857; United States v. Petersen, 611 F.2d 1313 (10th Cir. 1979).  Similarly, a complaint that the "spillover effect" from the evidence that was overwhelming or more damaging against the co-defendant than the evidence against the moving party is insufficient to warrant severance. United States v. Hack, 782 F.2d 862, 870 (10th Cir. 1986); Cox, 934 F.2d at 1119.

Based on the limited record, defendant has not shown any appreciable prejudice will result from a joint trial.  Defendant argues that he is simply an alleged courier, but the government notes that at least four of the remaining defendants fall into that category as well.  Moreover, the Court intends to instruct the jury that it should consider individually the charges against each defendant and the evidence presented, and not consider any evidence admitted solely against one defendant against another defendant.  See United States v. Warner, 971 F.2d 1189,1196 (6th Cir. 1992) (severance not required if some evidence is admissible against some defendants and not others); see also Cardall, 885 F.2d 656 (10th Cir. 1989) (assumption that juries can and will follow instructions is fundamental to our system).  Based on this record, the Court overrules defendant's motion to sever.

**IT IS THEREFORE ORDERED** that Defendant Ataven Tatum's Motion For A Pre-Trial James Hearing (Doc. #763) filed June 10, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Vernon Brown's Motion For Disclosure Of Co-Conspirator Statements (Nature Of And Time And Place/James Hearing); Production In Advance Of Trial Of A Videocopy Of Government's Exhibit N-93 With Masked Or Dubbed Sound To Protect CI's Identity; And For A Thirty Day Continuance Of Trial Setting (Doc. #766) filed June 10, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Carlos Gilchrist's Motion For A Pre-Trial James Hearing (Doc. #767) filed June 10, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Harris' Motion For Severance With Points And Authorities In Support (Doc. #771) filed June 11, 2013 be and hereby is **OVERRULED**.

Dated this 11th day of July, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge