IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-37-KHV |
| VERNON BROWN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 8, 2014, the Court sentenced defendant to 120 months in prison. This matter is before the Court on the Motion From Vernon Brown Pro Se To Clarify Sentence And Time Credited (Doc. #1880) filed November 30, 2015.

Defendant asks the Court to clarify his "out date" in light of the time that he spent in county jail before his conviction in federal court. Under 18 U.S.C. § 3585(b), defendant receives "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 333-35 (1992); United States v. French, 297 F. App'x 333, 334 (5th Cir. 2008); see United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for defendant to receive credit for time served, calculation of credit left to BOP and not sentencing court). Before seeking judicial review of credits under Section 3585(b), prisoners must exhaust administrative remedies. See French, 297 F. App'x at 334; Buchanan v. U.S. Bureau of Prisons, 133 F. App'x 465, 467 (10th Cir. 2005); see also Reed v. United States, 262 F.

App'x 114, 114 (10th Cir. 2008) (until Attorney General, through BOP, makes § 3585(b) determination, matter not ripe for review and district court lacks jurisdiction); Sandefur v. Pugh, 189 F.3d 478 (Table), 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) (federal inmate must exhaust administrative remedies before seeking review of complaints relating to aspects of imprisonment such as computation of sentence).  Defendant has not shown that he has exhausted administrative remedies.

Defendant also appears to seek a judicial determination whether his federal sentence runs concurrently with his state sentence.  Under 18 U.S.C. § 3584(a), a term of imprisonment runs consecutively to a term imposed in a state case unless the Court orders that the terms are to run concurrently.  Here, at the time of sentencing, the Court did not note the relationship of the federal sentence to any state sentence.  Accordingly, under Section 3584(a), defendant's federal term of imprisonment runs consecutively to any state sentence.  To the extent defendant now asks the Court to alter his sentence to specify that his federal and state sentences run concurrently, the Court does not have jurisdiction to alter his sentence.[1]

---

[1] A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c).  Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48.  None of these exceptions apply here.  Defendant has not cited any statute which authorizes the Court to modify his sentence.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that the <u>Motion From Vernon Brown Pro Se To Clarify Sentence And Time Credited</u> (Doc. #1880) filed November 30, 2015 be and hereby is **OVERRULED**.

Dated this 16th day of December, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
