# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 12-20066-37-KHV |
| ) | |
| VERNON BROWN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On May 8, 2014, the Court sentenced defendant to 120 months in prison. This matter is before the Court on defendant's letter (Doc. #2012) filed February 17, 2017, which the Court construes as a motion to correct the presentence investigation report under Rule 36 of the Federal Rules of Criminal Procedure. For reasons stated below, the Court overrules defendant's motion.

Defendant argues that the Bureau of Prisons ("BOP") refuses to grant him a 12-month reduction of his sentence under the Residential Drug Abuse Treatment Program because of erroneous information in his Presentence Investigation Report ("PSIR") (Doc. #1488).[1] In particular, defendant argues that the BOP has denied him a reduced sentence based on the firearm enhancement in the PSIR.[2] In a sentencing memorandum, defendant objected to the firearm enhancement. At sentencing, the Court overruled his objection as moot in light of the statutory minimum sentence.

---

[1] Defendant apparently is currently enrolled in the Residential Drug Abuse Treatment Program, but he alleges that BOP stated that he will not receive a sentence reduction after he completes the program. See Doc. #2012 at 1.

[2] The PSIR found that "[c]redible evidence was presented at trial that the defendant possessed a firearm during the course of the conspiracy." PSIR (Doc. #1488), ¶ 92.

Defendant does not cite any statutory authority for the Court to amend the PSIR at this time. Under Rule 36, at any time, the Court may correct a "clerical error" in the record or an "error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Court did not rule on defendant's objection to the firearm enhancement because it did not impact his sentence. Rule 36 does not permit the Court to make a substantive ruling on defendant's objection at this time. See United States v. Long, 419 F. App'x 845, 848 (10th Cir. 2011) (Rule 36 cannot be used to challenge drug quantity in PSR); United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (Rule 36 motions apply to clerical errors only; not proper vehicle to challenge substance of presentence report); United States v. Simon, 36 F. App'x 415, 416 (10th Cir. 2002) (same). Under Rule 32(f), Fed. R. Crim. P., defendant had 14 days to raise objections to the PSIR. Defendant cannot use Rule 36 as a back door to evade Rule 32 or any obstacles in filing a habeas petition. See United States v. Johnson, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 cannot be used as alternative to attack sentence based on non-clerical error in PSR); see also Long, 419 F. App'x at 848 (defendant cannot escape strictures of Rule 32 by relying on Rule 36); Wilkes, 376 F. App'x at 296 (substantive challenge to PSR must be made within deadline of Rule 32). For these reasons, the Court overrules defendant's Rule 36 motion.[3]

Defendant does not attack his conviction or sentence in this case, but merely the BOP's execution of his sentence. See Richardson v. Joslin, 501 F.3d 415, 419-20 (5th Cir. 2007) (ineligibility for Residential Drug Abuse Treatment Program does not extend original sentence or qualitatively alter sentence). A challenge to the execution of a sentence generally must be raised

---

[3] Rule 35 also does not authorize a substantive modification of defendant's sentence or the PSIR because (1) the Court must make any such modification within 14 days of sentencing and (2) defendant has not shown an error in his sentence. Fed. R. Crim. P. 35(a).

under 28 U.S.C. § 2241. See Johnson v. United States, 46 F.3d 1135, 1995 WL 4311, at *1 (8th Cir. 1995) (because inclusion of alleged erroneous information in PSR did not impact sentence and only affects execution of sentence or conditions of confinement, challenge to PSR should be raised in Section 2241 petition); United States v. Ramis, No. 13 CR. 600-2 (ER), 2015 WL 7871035, at *3 (S.D.N.Y. Dec. 3, 2015) (Section 2241 is appropriate vehicle to challenge BOP decision regarding early release eligibility under RDAP); Wilson v. Baird, No. 3:11-CV-1304 (MRK), 2012 WL 2154209, at *3 (D. Conn. June 13, 2012) (same); see also Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (challenge to execution of sentence should be brought under Section 2241); Graves v. United States, 124 F.3d 204 (Table), 1997 WL 547924, at *1 (7th Cir. Aug. 29, 1997) (challenge to BOP decision not to place defendant in boot camp must be raised in Section 2241 motion).[4]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #2012) filed February 17, 2017, which the Court construes as a motion to correct the presentence investigation report under Rule 36 of the Federal Rules of Criminal Procedure, is **OVERRULED**.

Dated this 17th day of April, 2017 at Kansas City, Kansas.

        s/ Kathryn H. Vratil
        KATHRYN H. VRATIL
        United States District Judge

---

[4] A petition brought under Section 2241 must be filed in the district where defendant is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Defendant is confined in Forrest City, Arkansas. The Court advises defendant that in order to file a petition under Section 2241, he must exhaust administrative remedies with the BOP if he has not already done so. See United States v. Storm, No. 07-4179, 2008 WL 2405740, at *2 n.1 (10th Cir. June 16, 2008).