IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20066-37-KHV |
| | ) | |
| VERNON BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On May 8, 2014, the Court sentenced defendant to 120 months in prison. This matter is before the Court on defendant's letter (Doc. #2196) filed January 27, 2020, which the Court construes as a motion to reduce sentence under the First Step Act of 2018. For reasons stated below, the Court dismisses defendant's motion.

Defendant seeks relief under the First Step Act of 2018, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison). Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act § 404(b).

Here, the Second Superseding Indictment (Doc. #402) charged defendant based on the revised penalties of the Fair Sentencing Act. See Second Superseding Indictment (Doc. #402) filed October 3, 2012, Count 1 (conspiracy with intent to distribute more than 280 grams of cocaine base). Because the government charged defendant and the Court sentenced him under the revised statutory penalties of the Fair Sentencing Act of 2010, the Court lacks jurisdiction to modify his sentence under the First Step Act. See First Step Act § 404(c) (no court shall entertain motion under this section if sentence previously imposed in accordance with amendments in sections 2 and 3 of Fair Sentencing Act of 2010). The Court therefore dismisses defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #2196) filed January 27, 2020, which the Court construes as a motion to reduce sentence under the First Step Act of 2018 is **DISMISSED**.

Dated this 4th day of February, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge