**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-37-KHV |
| VERNON BROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On May 8, 2014, the Court sentenced defendant to 120 months in prison. This matter is before the Court on defendant's [Motion] For Compassionate Release/Reduction In Sentence (Doc. #2205) filed April 17, 2020. On April 17, 2020, the government filed its opposition brief. See Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act (Doc. #2206). For reasons stated below, the Court dismisses defendant's motion without prejudice for lack of jurisdiction.

**Factual Background**

Defendant is currently confined at FCI Forrest City, a Bureau of Prisons ("BOP") facility in Forrest City, Arkansas. Defendant seeks compassionate release because of the Coronavirus Disease-2019 ("COVID-19") pandemic. Defendant states that at FCI Forrest City, at least 32 inmates and two staff members have tested positive for COVID-19. [Motion] For Compassionate Release/Reduction In Sentence (Doc. #2205) at 1. Defendant notes that even though he does not have preexisting medical conditions, as an African-American male, he is at a high risk of contracting COVID-19. Id.

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

**I.     Jurisdiction To Grant Relief Under 18 U.S.C. § 3582(c)(1)(A)(i)**

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), after considering the applicable factors set forth in Section 3553(a), the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional. See United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at *3–5 (D. Kan. Apr. 16, 2020). Because defendant has not alleged that he exhausted administrative remedies or that 30 days has elapsed since he submitted a request for

relief to the warden at FCI Forrest City, the Court lacks jurisdiction to grant relief under Section 3582(c)(1)(A).

Even if the Court construed the administrative exhaustion requirement of Section 3582(c)(1)(A) as a claims-processing rule rather than a jurisdictional limitation, the statutory rule would still bar defendant's motion at this time. See id. Defendant asks the Court to excuse his failure to exhaust administrative remedies because of the COVID-19 pandemic. See [Motion] For Compassionate Release/Reduction In Sentence (Doc. #2205) at 2. In contrast with judicially created exhaustion requirements, however, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies. Malouf v. Sec. & Exch. Comm'n, 933 F.3d 1248, 1256 (10th Cir. 2019), cert. denied, 2020 WL 1124531 (U.S. Mar. 9, 2020); see Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion). The COVID-19 pandemic is no exception. See United States v. Raia, 954 F.3d 594, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (despite COVID-19 pandemic, failure to exhaust presents "glaring roadblock" foreclosing compassionate release at this point); United States v. Feiling, No. 19-CR-112-DJN, 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020) (mere existence of COVID-19 among prison population and inmate's susceptibility to it do not justify waiver of exhaustion requirement); United States v. Epstein, No. CR 14-287-FLW, 2020 WL 1808616, at *5 (D.N.J. Apr. 9, 2020) (despite danger posed by COVID-19 pandemic, district court cannot waive exhaustion requirement).

Whether the exhaustion requirement is jurisdictional or a claims-processing rule, sound policy reasons support the requirement that defendant must first present to the BOP his request for

a reduced sentence. The exhaustion requirement helps prevent premature claims and ensures that the agency possessed with the most expertise be given first shot at resolving defendant's request. See Forest Guardians v. U.S. Forest Serv., 641 F.3d 423, 431 (10th Cir. 2011). Because defendant is in BOP custody, the BOP is in a better position to initially determine his medical needs, his specific risk of COVID-19 and the risk to inmates generally at FCI Forrest City, the risk to the public if he is released and whether his release plan is adequate. See Epstein, 2020 WL 1808616, at *4; see also United States v. Dickson, No. 19-CR-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (BOP better positioned to understand inmate health and circumstances relative to entire prison population and identify extraordinary and compelling reasons for release). Likewise, the BOP is in a better position to coordinate any request for relief under Section 3582(c)(1)(A) with the exercise of its discretion to place a prisoner in home confinement under Section 3624(c)(2).

In sum, because defendant has not shown that he has exhausted administrative remedies or that 30 days have passed since the warden received his request, the Court lacks jurisdiction under Section 3582(c)(1)(A).

## II. BOP Authority Under The CARES Act

Defendant potentially could seek home confinement *from the BOP* under the recently-enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136 (enacted March 27, 2020). The BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2). Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which

[he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP Director now has authority to grant home confinement to a larger grouper of prisoners. See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download. While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision. See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP). Defendant should address any such request, including a proposed placement plan, to his case manager at the BOP.

## III.   Conclusion

The Court acknowledges inmate concerns about the risks of exposure to COVID-19 during this pandemic—especially for those inmates who may be at a high risk of infection. At the same time, the BOP currently is engaged in a number of targeted efforts to reduce the risk of exposure to inmates and maximize the use of home confinement at affected facilities. See Attorney General Memo dated April 3, 2020 at 1–3. In particular, the Attorney General has directed the BOP to review "all at-risk inmates" for relief under the CARES Act, but to give priority to the most vulnerable inmates at the most affected facilities. Id. at 1–2. The Attorney General has directed the BOP to implement the measures as quickly as possible while making careful, individualized determinations as to each inmate. See id. at 3. After the BOP has done so or within 30 days of

defendant's request, defendant can renew his request for relief under Section 3582(c)(1)(A).

**IT IS THEREFORE ORDERED** that defendant's [Motion] For Compassionate Release/Reduction In Sentence (Doc. #2205) filed April 17, 2020 is **DISMISSED without prejudice for lack of jurisdiction**.

Dated this 22nd day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge